**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                              No. 98-4355

BILLY DEAN WHITE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-97-90)

Submitted: March 23, 1999

Decided: April 6, 1999

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Nealson Dorsey, TRIAL LAWYERS, P.C., Roanoke, Vir-
ginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Karen B. Peters, Assistant United States Attorney, Michael Resch,
Third Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Billy Dean White appeals the 120-month sentence imposed upon his guilty plea to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1994). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether (1) the district court erred in denying him the benefits of the "safety valve" provision, see U.S. Sentencing Guidelines Manual § 5C1.2 (1997); (2) the United States should have made a motion for downward departure based on substantial assistance, see USSG § 5K1.1 p.s.; (3) the district court erred in holding him accountable for 1117 marijuana plants; and (4) he was sentenced under the wrong statutory provision. Counsel asserts that there are no meritorious grounds for appeal. Although White was informed of his right to file a pro se supplemental brief, he has not done so. Because our review of the entire record reveals no reversible error, we affirm.

White first contends that the court erred in not reducing his sentence under the "safety valve" provision of USSG § 5C1.2. The provision permits a sentence below the mandatory minimum if (1) the defendant has no more than one criminal history point; (2) he did not use violence or threats or a firearm; (3) the offense did not result in death or serious injury; (4) the defendant did not have an aggravating role; and (5) he has fully cooperated with the government. A defendant has the burden of proving that he qualifies for application of the safety valve provision. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court's determination of whether the defendant fulfilled the requirements of § 5C1.2 is a question of fact reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Here, the district court found that White failed to fully cooperate with the government based on its finding that he had not been truthful about his knowledge of, and responsibility for, the marijuana plants at issue. We find that the factual

2

determinations made by the district court are not clearly erroneous. Consequently, the district court did not err in finding that § 5C1.2 did not apply.

White next claims that the United States should have made a motion for a substantial assistance departure. Absent a promise for a departure motion in a plea agreement, the decision to make such a motion is within the sole discretion of the government and is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. See Wade v. United States, 504 U.S. 181, 185-87 (1992). There is no evidence that the government's failure to move for a departure was based on an unconstitutional motive; rather, the decision was based on White's failure to provide complete and reliable information.

White also challenges the number of plants (1117) for which he was held accountable by the district court. Specifically, White claims that he should be held accountable only for the 842 plants contained in the patch in which he was videotaped. We review the district court's findings of fact at sentencing--including the determination of the relevant quantity of drugs--for clear error. See United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). The district court's finding was based on the testimony of White's co-defendant that White had claimed both patches, and on the Task Force Officer's testimony that he had counted the plants in both patches. We find no clear error in the district court's determination. White also argues that not all of the plants should have been counted because "there was some mortality associated with said plants and . . . the number of milk jugs is not indicative of the number of live plants." However, Congress defines marijuana expansively in 21 U.S.C.A.§ 802(16) (West Supp. 1998) as "[a]ll parts of the plant Cannabis sativa L., whether growing or not." Further the Guidelines define a"plant" as "an organism having leaves and a readily obervable root formation (e.g., a marihuana cutting having roots, a rootball, or root hairs is a marihuana plant)." USSG § 2D1.1 (comment), (n.18). Therefore, the district court did not clearly err in including all of the plants in its calculation. Finally, White claims that he was sentenced under the wrong statutory section because the district court, at his guilty plea hearing, stated that White was charged with possession with intent to distribute marijuana and that "he was subsequently sentenced for manufacture and posses-

3

sion of [sic] intent to distribute marijuana and . . . his penalty was enhanced due to the inaccurate stating of such statutory offense." However, the indictment, the presentence report, and the judgment and commitment order all accurately describe White's offense. In any event, any error by the district court was harmless because the base offense level is the same for either offense. See USSG § 2D1.1(c)(8).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore deny counsel's motion for leave to withdraw and affirm White's sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. See 4th Cir. Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We grant the motion to dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4